# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Diane Elizabeth D'Allesandro,<br><br>        Debtor. | Chapter 7<br>Case No. 18-50671 |
| Erik A. Ahlgren, Trustee<br><br>        Plaintiff,<br><br>v.<br><br>George M. D'Allesandro,<br><br>        Defendant. | Adv. Pro. 19-_____ |

**COMPLAINT TO RECOVER VOIDABLE TRANSFERS**

Plaintiff brings this complaint to recover the value of various voidable transfers made to or for the benefit of the Defendants.

**PARTIES**

1.    On October 2, 2018, Diane Elizabeth D'Allesandro (the "Debtor") filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

2.    Plaintiff Erik A. Ahlgren is the duly appointed and acting trustee in the Debtor's bankruptcy case.

3.    Defendant George M. D'Allesandro is an individual with a mailing address of 7586 Silage Circle, Port Charlotte, Florida 33981.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§548 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers made to or for the benefit of the Defendants as voidable transfers and to recover from Defendants the value of said transfers.

5. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(H).

6. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

## BACKGROUND

7. The Debtor was the titled owner of:

   a. a 1990 Crestliner Viking boat, hull identification number NOR26648H990 (the "Boat"),

   b. a 1991 Spartan Trailer, vehicle identification number 1PBXR21N5M1000543 (the "Trailer"), and

   c. a 1999 Shasta Camper, vehicle identification number 1TS3B4481X9001428 (the "Camper").

8. On July 12, 2018, the Boat and Trailer were sold for $3,500, with the Debtor signing the agreement as the seller, but the $3,500 deposited in the bank account of the Defendant.

9. On August 20, 2018, the Camper was sold for $4,000, with the Debtor again signing the agreement as the seller but the $4,000 again deposited in the bank account of the Defendant.

10. The statement of financial affairs states that the $7,500 from the sale of the Boat, Trailer and Camper went to the equity owner.

11. The Defendant is the Debtor's ex-husband. Based on the Debtor's testimony at the meeting of creditors, the Debtor and the Defendant were divorced, but have reconciled to the point where they live together at least part time. The Debtor and the Defendant were unmarried at the time of the purchase and sale of the Boat, Trailer and Camper.

### COUNT I
### AVOIDANCE OF TRANSFERS
### (ACTUAL FRAUD)

12. The Debtor sold the Boat, Trailer and Camper and then transferred the $7,500 received from the sale to the Defendant.

13. The Debtor's transfer of $7,500 to the Defendant was made with the actual intent to hinder, delay or defraud her creditors.

14. Among the badges of fraud demonstrating the Debtor's actual intent to hinder, delay or defraud her creditors are the following:

   a. The $7,500 was transferred to the Defendant within 90 days of filing bankruptcy, at a time she was contemplating bankruptcy;

   b. The Defendant is an insider with respect to the Debtor because he is her ex-husband, whom she has reconciled with and lives with at least part time;

   c. By transferring assets to the Defendant, she effectively retained possession or control of the property because she could expect that the funds would be used, at least in part, for her benefit;

   d. The Debtor did not have a legal obligation to transfer the $7,500 to the Defendant, and received no consideration in exchange for the transfer;

   e. The Debtor was insolvent and unable to pay her bills when they came due at the time of the transfer;

f. As reported on Schedule E/F, the Debtor's Discover credit card, the Debtor's largest single creditor, was last active July 3, 2018, just nine days before she transferred $3,500 to the Defendant from the sale of the Boat and Trailer.

15. The $7,500 was transferred by the Debtor to the Defendant as the initial transferee.

16. By reason of the foregoing, Trustee may avoid the Debtor's transfer of $7,500 to the Defendant based on the Debtor's actual intent to hinder, delay or defraud creditors under 11 U.S.C. §548 and may recover from Defendant George M. D'Allesandro the full value of the transfers pursuant to 11 U.S.C. §550.

**COUNT II**
**AVOIDANCE OF TRANSFERS**
**(CONSTRUCTIVE FRAUD)**

17. The above referenced allegations are incorporated herein by reference.

18. The Debtor's transfer of $7,500 to the Defendant represents the transfer of an interest in property of the Debtor.

19. The Debtor received less than a reasonably equivalent value in exchange for the transfer.

20. On information and belief, when the transfers were made, the Debtor was insolvent, or became insolvent as a result of the transfers, and/or intended to incur, or believed or reasonably should have believed that she would incur debts that would be beyond her ability to pay as such debts matured.

21. The $7,500 was transferred by the Debtor to the Defendant as the initial transferee.

22. By reason of the foregoing, Plaintiff may avoid the transfers based on constructive fraud under 11 U.S.C. §548 and may recover from Defendant the full value of the transfers pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff seeks an order of the court granting judgment against the Defendants and in favor of the Plaintiff in the amount of $7,500, together with the costs and disbursements of this action.

                                          Ahlgren Law Office, PLLC

Dated: January 28, 2019        /e/Erik A. Ahlgren
                                          Attorney #191814
                                          220 West Washington Ave, Ste 105
                                          Fergus Falls, MN 56537
                                          Office: 218-998-2775
                                          Fax: 218-998-6404
                                          erik@ahlgrenlaw.net

                                          ATTORNEY FOR TRUSTEE

## **Verification.**

I, Erik A. Ahlgren, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January 28, 2019    Signed:  /e/ Erik A. Ahlgren